LARA HOSSELTON, Guardian of the Estate of Edward Niggeman, a Disabled Person, Plaintiff-Appellant, v. K'S MERCHANDISE MART, INC., Defendant-Appellee.

Third District   No. 3—92—0739

Opinion filed July 28, 1993.

Edward G. Vogt, of Kankakee, for appellant.

Thomas E. Griffith and Frederick P. Erickson, both of Erickson, Davis, Murphy, Griffith & Walsh, Ltd., of Decatur, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

The plaintiff, Lara Hosselton, as guardian of the estate of Edward Niggeman, brought suit to recover damages arising out of payments from the estate to the defendant, K's Merchandise Mart, Inc. The plaintiff claimed that the defendant accepted the payments in violation of section 5 of the Fiduciary Obligations Act (760 ILCS 65/5 (West 1992)). The trial court granted the defendant's motion for summary judgment. The plaintiff appeals, and we affirm.

The record shows that Lois J. Herbert, the former guardian of the estate of Edward Niggeman, spent estate funds at the defendant's place of business to purchase various items of jewelry for herself

and not for the benefit of the estate. The plaintiff asserts that the checks, 17 in all, totalled $15,461.76. The defendant asserts that the total of the checks amounted to $11,654.86. The first check was delivered to the defendant on November 8, 1987, and the last was delivered on September 2, 1988.

The purchases were paid for by checks made payable to the defendant. On their face, the checks clearly stated: "Lois Herbert, Guardian for Edward J. Niggeman." Herbert endorsed the checks.

At her deposition, Herbert stated that she purchased all the jewelry at the defendant's stores in Normal and Bradley, Illinois. She further stated that she believed she did not deal with the same salesperson for all of the purchases. She was not personally familiar with any of the salespeople, nor did she believe that they knew her. Herbert never told any of the sales personnel that she was making the purchases for herself, nor did they indicate to her that they knew that she was making the purchases for herself. None of defendant's employees questioned Herbert about why she was purchasing jewelry with guardianship checks. Herbert stated that she believed the ward, Edward Niggeman, would have approved of her making the jewelry purchases.

Both parties filed motions for summary judgment. The trial court found that the defendant did not accept the checks with actual knowledge of Herbert's breach of her fiduciary duties, or with sufficient knowledge that would have amounted to bad faith. The court then granted the defendant's motion.

On appeal, the plaintiff argues that the defendant was chargeable with knowledge that estate funds were being used for purchases for the personal benefit of the guardian in violation of section 5 of the Fiduciary Obligations Act (Act). The plaintiff asserts that the word "guardian" on the face of the checks constituted adequate notice to the defendant under the Act.

The Act reads as follows:

"If a check or other bill of exchange is drawn by a fiduciary as such, or in the name of his principal by a fiduciary empowered to draw such instrument in the name of his principal, the payee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in drawing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. If, however, such instru-

ment is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of or as security for a personal debt of the fiduciary to the actual knowledge of the creditor, or is drawn and delivered in any transaction known by the payee to be for the personal benefit of the fiduciary, the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument." 760 ILCS 65/5 (West 1992).

The purpose of the Act is to facilitate banking and financial transactions and to cover situations which arise when one person honestly deals with another person whom he knows to be a fiduciary. Mere suspicious circumstances are not enough to require a creditor to inquire about the fiduciary's actions. *Johnson v. Citizens National Bank* (1975), 30 Ill. App. 3d 1066, 334 N.E.2d 295.

Although, in some circumstances, knowledge of a fiduciary's breach will be imputed to the creditor, in this case, we cannot charge the defendant with knowledge of the fiduciary's breach. Herbert, the fiduciary, testified that she spent the sums with the defendant at two different locations over a period of about 10 months. She did not deal with the same clerk on each occasion. Herbert did not know the salesclerks and she did not think that they knew her. She never told them that she was making the purchases for herself and they never inquired whether she was doing so. Based on the foregoing, we find that there simply was not enough evidence from which it could be inferred that the defendant had knowledge of the fiduciary's breach.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BRESLIN and SLATER, JJ., concur.